```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *
                            *
v.                          *    Criminal No. WMN-14-0058
                            *    Civil Action No. WMN-15-2818
DELLANDO RECARDO CAMPBELL   *
                            *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

On July 28, 2014, Defendant Dellando Recardo Campbell entered a plea of guilty to aiding and abetting Ryan Holness in the killing of Holness' spouse, Serika Dunkley Holness, in violation of 18 U.S.C. § 2261(a)(1). ECF No. 27.[1] Defendant's plea agreement provided for an agreed-to sentence of 360 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), ("C-plea"). Id. On November 6, 2014, the Court imposed a sentence of 360 months imprisonment with a five year term of supervised release. ECF No. 33. Defendant did not file an appeal. On September 18, 2015, Defendant filed a Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, presenting two claims for ineffective assistance of counsel. ECF No. 40. First, Defendant claims counsel was ineffective for failing to secure an additional one-level reduction in his offense level for acceptance of responsibility. Second, Defendant claims counsel was ineffective for failing to

---

[1] All citations to the docket refer to Defendant's criminal case.

advise him to take an open plea.  The Government responded to Defendant's motion, ECF No. 48, and Defendant subsequently filed a reply.  ECF No. 49.  Upon review of the pleadings and the applicable case law, the Court finds Defendant's claims are without merit; therefore, his motion will be dismissed without a hearing.

To obtain relief under § 2255 based on ineffective assistance of counsel, a defendant has the burden of demonstrating (1) that he received ineffective assistance of counsel, and (2) that he was prejudiced by that ineffective assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To satisfy the first prong, a defendant must prove that his attorney's conduct violated the Sixth Amendment by falling below the reasonable standard of conduct expected of attorneys.  See id., (finding petitioner must show that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases").  There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689.  To satisfy the second prong of Strickland, a defendant must demonstrate that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 687-688.  "A reasonably probability is

a probability sufficient to undermine confidence in the outcome." Id. at 694.

**A. Acceptance of Responsibility**

Defendant claims he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution by counsel's failure to object to the presentence report in order to secure an additional one level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  ECF No. 40-1 at 3.  Section 3E1.1(a) of the Guidelines provides for a two-level decrease in a defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense."  The next subsection provides:

> If the defendant qualified for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b).  Defendant concedes that he received the two-level deduction under 3E1.1(a), but contends he deserved an additional decrease in accordance with § 3E1.1(b) because he accepted responsibility "by truthfully admitting the conduct comprising the offense of conviction.  Truthfully admitting or

3

not falsely denying any additional relevant conduct ... and timely notifying authorities of his intention to enter a plea of guilty." ECF No. 40-1 at 4.

Defendant's plea agreement provided that, "[p]ursuant to U.S.S.G. § 2A6.2(c) (Domestic Violence, cross reference to U.S.S.G. § 2A1.1, first degree murder), the parties stipulate and agree that the offense level for the violation of 18 U.S.C. § 2261(a)(1) to which the Defendant is pleading guilty is 43 because the offense involved the commission of the crime of First Degree Murder and resulted in the death of Serika Dunkley Holness." ECF No. 27 at 4. The agreement further provided that

> To the extent any applicable adjustment pursuant to U.S.S.G. § 3E1.1(a)(acceptance of responsibility) does not result in a sentence lower than 360 months, this Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent recognition and affirmative acceptance of personal responsibility for his criminal conduct.

Id. The Government asserts that while Defendant qualified for a three level adjustment, the plea agreement itself provided that the binding C-plea superseded the application of Section U.S.S.G. § 3E1.1, and that the two level adjustment was subject to the parties' agreement to a sentence of 360 months. ECF No. 48 at 5; see ECF No. 27 at 5 ("the parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 360 months imprisonment (30 years) is the

4

appropriate disposition of this case"). As such, the Government asserts that counsel did not err because "[t]he limiting effect of the C-plea on a two-level adjustment for acceptance was obviously just as applicable to a three-level adjustment." ECF No. 48 at 6.

The Government postulates that Defendant raises this § 3E1.1(b) argument because defense counsel asked the Court at sentencing to grant a one-level downward departure in Defendant's Criminal History Category (CHC), from III to II. ECF No. 48 at 6-7; See Sentencing Transcript, ECF No. 47 at 4. The Government did not oppose this request since defense counsel and the Court agreed that it would not affect the C-plea and the agreed upon sentence of 360 months. ECF No. 47 at 4-5. The Court found that the one-level CHC departure was appropriate. Id. at 5. With a CHC of III, the sentencing range resulting from either a two or a three-level adjustment for acceptance was 360-life. ECF No. 48 at 7. With a CHC of II, with a two-level adjustment for acceptance, the range was similarly 360-life, but with a three-level adjustment for acceptance, the resulting range was 324-405 months. Id.

Defendant believes he would have benefited from a three-level departure for acceptance of responsibility. He argues that counsel's failure to object to the presentence report and the Government's refusal to move for the additional reduction

5


prejudiced him; and that "there is a reasonable probability that but for counsel's error, the outcome would have been different." ECF No. 40-1 at 5.  In support of his argument, Defendant cites United States v. Divens, 650 F.3d 343 (4th Cir. 2011).  In Divens, the defendant pled guilty to possession with intent to distribute cocaine.  Id. at 344.  The defendant signed an acceptance of responsibility agreement admitting guilt of the charged crime and expressing remorse but declined to sign a plea agreement which would waive certain rights to appellate review and collateral attack.  Id.  "Solely because Divens would not waive these rights, the Government refused to move for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)."  Id.  The defendant objected to the guidelines calculation, arguing that his unwillingness to execute the appellate waiver did not justify the Government's refusal to file a motion for an additional reduction.  Id.  At sentencing, the district court overruled the defendant's objection, finding that the decision to move for an additional one level reduction lay "completely in the discretion of the Government."  Id.  The defendant appealed, challenging the district court's failure to compel the Government to move for the § 3E1.1(b) reduction.  Id.  The Fourth Circuit found that the government's reasoning for withholding that reduction was insufficient and remanded for resentencing.  Id. at 350.  That

court concluded that "the Government retains discretion to refuse to move for an additional one-level reduction, but only on the basis of an interest recognized by the guideline itself" as opposed to "any conceivable legitimate interest." Id. at 347.

Defendant's argument based on Divens is unavailing, as the facts of that case are distinguishable from those before this Court; notably, Divens did not involve a binding plea agreement pursuant to Rule 11(c)(1)(C) in which the parties agreed to the sentence regardless of the otherwise applicable guidelines. Although Defendant entered a timely plea of guilty, his C-plea superseded the application of § 3E1.1(b). Here, unlike in Divens, the Government did not unreasonably withhold a reduction under § 3E1.1(b) at sentencing, nor did the Government assert that it did not apply. In fact, whether Defendant received a two or three level departure for acceptance of responsibility would not have made a difference once the Court accepted the C-plea. Once a C-plea is accepted, this Court may impose a sentence pursuant to that plea agreement even if the sentence falls outside the otherwise applicable guidelines. See, e.g., United States v. Bernard, 373 F.3d 339, 343-344 (3rd Cir. 2004) ("sentencing court has the authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or

7

specifying a sentence that falls outside the applicable guidelines range. Once the District Court has accepted such an agreement, it is binding").

Of note, if Defendant had received a three-level downward departure for acceptance of responsibility, and also received the reduction in his CHC from III to II, the guideline range would have been 324-405 months; therefore, the 360 month sentence was well within the sentencing range propounded by Defendant. The Court finds that due to the binding nature of the plea agreement and the dictates of Rule 11(c)(1)(C), counsel did not err or prejudice Defendant by failing to move for an additional reduction for acceptance of responsibility under § 3E1.1(b).

## B. Open Plea

Defendant's second ineffective assistance of counsel claim is premised on counsel's alleged failure to advise him "that he could plead guilty with or without a plea agreement" and failure to "explain the advantages to pleading 'straight up' to the indictment." ECF No. 40-1 at 6. Defendant's argument is based on the premise that an open plea "would have resulted in a lighter sentence than the one eventually imposed." ECF No. 40-1 at 6. In opposition, the Government asserts that Defendant's claim is contradicted by the record and further, that Defendant's argument that he would have done better without a

plea agreement is based on pure speculation.  ECF No. 48 at 16-19.  The Court agrees with the Government.

Defendant contends that "at no time during plea negotiations did counsel advise him that he had an alternate route to take."  ECF No. 40-1 at 6.  This claim is contradicted by the record.  The Government has submitted the affidavit of Gary E. Proctor, defense counsel, wherein Proctor declared that he and Defendant "specifically discussed" the open plea option, and that he had a "very clear recollection of it."  ECF No. 48-2 at 2.  Proctor further stated that his recommendation to Defendant was that entering an open plea was "too risky," because "[h]is co-defendant had already received a life sentence for much the same conduct."  Id.  The affidavit states: "[t]he upside (36 months below the C plea range at the bottom end) was simply not worth the potential downside (forever in jail), and I explained this to Mr. Campbell."  Id.

The Court finds that counsel clearly understood the advantages and disadvantages of an open plea, and was reasonable in advising Defendant to accept the C-plea.  Defendant's assertion that "he received no benefit from the plea agreement, that he would not have received from an open plea" is simply incorrect.  ECF No. 40-1 at 7.  The C-plea provided Defendant certainty and protection from the possibility of a higher sentence.  Defendant cannot show that an open plea would have

9

resulted in a lighter sentence or the same sentence, and further, there is the possibility that he could have done worse, i.e., received a sentence greater than 360 months.

Defendant attempts to re-cast his first ineffective assistance of counsel claim in his second claim, arguing that, had he taken an open plea, he would have received a three-level downward departure for acceptance of responsibility. ECF No. 40-1 at 7. As stated previously, with a three-level reduction, the sentencing range would have been 324-405 months, and 360 months is well within that range. Defendant speculates that he would have received a lesser sentence with an open plea due to the three-level reduction; however, the sentence in that circumstance is something he cannot know, which is precisely why counsel believed he would benefit from the plea agreement. Defendant's distraction with Divens, as mentioned above, has caused him to fail to appreciate that an open plea would have left him exposed to a sentence of up to life imprisonment.

Speculative claims cannot provide a basis for relief under § 2255. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013). Defendant's conclusory allegation that he would have received a lesser sentence had he taken an open plea is unsupported, conclusory, and "may be disposed of without further investigation" from this Court. See id. ("If it plainly appears from the motion and any attached exhibits, and the record of the

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."). For the above stated reasons, Defendant's motion pursuant to § 2255 will be denied. A separate order shall issue.

                                                _____/s/__   _____
                                                William M. Nickerson
                                                Senior United States District Judge

DATED: June 29, 2016